IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| HAL D. HICKS f/d/b/a HAL D. HICKS MAIL TRANSPORTATION, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 05-251 (Judge F. Allegra) |
| THE UNITED STATES POSTAL SERVICE, | ) | |
| Defendant. | ) | |

DEFENDANT'S MOTION TO DISMISS

Defendant, the United States, pursuant to RCFC 12(b)(1), respectfully requests that the Court dismiss plaintiff's complaint for lack of jurisdiction. In support of this motion, we rely upon the complaint, the following brief, and documents set forth in the attached appendix.

DEFENDANT'S BRIEF

STATEMENT OF THE CASE

I. Nature Of The Case

Plaintiff, Hal D. Hicks, seeks monetary and injunctive relief based upon allegations that the U.S. Postal Service ("Postal Service") illegally transferred or novated a contract to Midwest Transport, Inc. [1] Complaint ¶¶ 7-8.

[1] Mr. Hicks has identified the Postal Service as defendant in the caption of his complaint. For purposes of this jurisdictional motion, we assume that Mr. Hicks intended to assert claims against the United States.

II. Issue Presented

Whether the Court possesses subject matter jurisdiction to consider Mr. Hicks's claims where Mr. Hicks did not present to the contracting officer a certified claim or obtain a contracting officer's final decision before filing his complaint in this Court.

III. Statement Of Facts

On February 24, 2004, Russell Sykes, Manager of Surface Transportation and a contracting officer for the Postal Service, novated Highway Transportation Contract 14024 from Hal D. Hicks Mail Transportation to Midwest Transport, Inc. ("Midwest Transport"). Mr. Sykes also novated to Midwest Transport a number of other highway mail delivery contracts held by Midwest Transit, Inc. ("Midwest Transit"), a company which Mr. Hicks co-owned. A1.

On December 22, 2004, through his attorney, Mr. Hicks sent Mr. Sykes a letter purporting to present "his tort claim to the United States Postal Service," and further stating that it was "served upon the United States Postal Service pursuant to the Federal Tort Claims Act and 28 U.S.C. §2675(a)." A2. The letter went on to "assert[] [Mr. Hicks'] tort claims against the United States Postal Service and its employees and/or agents for the wrongful transfer/novation of Highway Mail Contract 14024 to Midwest Transport, Inc." A2. The letter did not claim a sum certain of damages, but stated only that "Mr. Hicks is claiming damages for the above-mentioned torts to include but not limited to lost revenues and/or profits . . . . Mr. Hicks' damages also include all other losses incurred by him as a result of the wrongful transfer and/or novation . . . ." A3. The letter contained no certification. A2-3.

In response to Mr. Hicks's December 22, 2004 letter, Wendy Wiedemann Hudson, an attorney at the Postal Service's National Tort Center in St. Louis, wrote Mr. Hicks's attorney and

informed him that his letter "does not constitute a valid claim under the Federal Tort Claims Act . . . ." A4. The letter informed Mr. Hicks how to properly pursue an administrative tort claim, but also expressed Ms. Hudson's belief that Mr. Hicks's claim "must be processed under the provisions of the Contract Disputes Act ["CDA"]," and recommended "that Mr. Hicks pursue the remedies available to him under the CDA . . . ." A5. Mr. Hicks took no further action in pursuit of his tort claim. Neither did he file a claim with the contracting officer under the CDA, or take any other action to preserve his claims.

## SUMMARY OF THE ARGUMENT

Mr. Hicks has failed to satisfy the jurisdictional prerequisites of this Court. Specifically, compliance with the CDA is a jurisdictional prerequisite to invoking this Court's jurisdiction. Because Mr. Hicks failed to submit a valid CDA claim to the contracting officer and did not receive a final decision on that claim, his complaint should be dismissed for lack of jurisdiction.

## ARGUMENT

### I. Plaintiff Bears The Burden Of Establishing That This Court Possesses Jurisdiction To Entertain This Action

Mr. Hicks bears the burden of establishing by preponderant evidence that the Court possesses jurisdiction to entertain his suit. McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 189-90 (1936); Reynolds v. Army and Air Force Exchange Serv., 846 F.2d 746, 748 (Fed. Cir. 1988); American Pacific Roofing Co. v. United States, 21 Cl. Ct. 265, 267 (1990). Where "a plaintiff's allegations of jurisdictional facts are challenged by the defendant, the plaintiff bears the burden of supporting the allegations by competent proof." Thomson v. Gaskill, 315 U.S. 442, 446 (1942); accord Farmers Grain Co. of Esmond v. United States, 29 Fed. Cl. 684, 686 (1993).

In deciding a motion to dismiss for lack of subject matter jurisdiction pursuant to rule 12(b)(1), the Court may consider evidentiary matters outside the pleadings. Indium Corp. of America v. Semi-Alloys, Inc., 781 F.2d 879, 884 (Fed. Cir. 1985), cert. denied, 479 U.S. 820 (1986); Adams v. United States, 20 Cl. Ct. 132, 133 n.1 (1990). If the factual basis for jurisdiction is challenged, the allegations in the complaint are not controlling and only uncontroverted factual allegations are accepted as true for purposes of the motion. Gibbs v. Buck, 307 U.S. 66, 72 (1939).

As we establish below, Mr. Hicks has failed to meet his burden of demonstrating that this Court possesses jurisdiction to entertain his claims. Accordingly, this Court should dismiss the complaint for lack of subject matter jurisdiction.

## II. This Court Lacks Jurisdiction To Entertain The Complaint Because Mr. Hicks Failed To Submit A Claim Or To Obtain A Final Decision Before Filing His Complaint With This Court

### A. The Jurisdiction of This Court Is Limited

Like its predecessor, the United States Court of Claims, the Court of Federal Claims is a court of limited jurisdiction. Dynalectron Corp. v. United States, 4 Cl. Ct. 424, 428 (1984). Absent congressional consent to entertain a claim against the United States, this Court lacks authority to grant relief. United States v. Testan, 424 U.S. 392, 399 (1976); United States v. Sherwood, 312 U.S. 584, 586 (1941).

Any grant of jurisdiction to this Court must be construed strictly, and all conditions placed upon such a grant must be satisfied before the Court may accept jurisdiction. United States v. Mitchell, 445 U.S. 535, 538 (1980); Cosmic Constr. Co. v. United States, 697 F.2d 1389, 1390 (Fed. Cir. 1982). As the United States Court of Appeals for the Federal Circuit has stated, "[i]n construing a statute waiving the sovereign immunity of the United States, great care

must be taken not to expand liability beyond that which was explicitly consented by Congress." Fid. Constr. Co. v. United States, 700 F.2d 1379, 1387 (Fed. Cir. 1983).

B. The Court Does Not Possess Jurisdiction To Entertain A Claim That A Contractor Has Not Presented To The Contracting Officer

The central provision granting consent to suit in this Court is the Tucker Act, 28 U.S.C. § 1491. Testan, 424 U.S. at 397; Aetna Cas. & Surety Co. v. United States, 228 Ct. Cl. 146, 151, 655 F.2d 1047, 1051 (1981). The Tucker Act does not create any substantive right of recovery against the United States for money damages. Testan, 424 U.S. at 398; Eastport Steamship Corp. v. United States, 178 Ct. Cl. 599, 605-07, 372 F.2d 1002, 1007-09 (1967). It merely confers jurisdiction upon the Court whenever the substantive right exists. Testan, 424 U.S. at 398; United States v. Connolly, 716 F.2d 882, 885 (Fed. Cir. 1983).

The CDA expressly requires that "all claims by a contractor against the government . . . shall be in writing and shall be submitted to the contracting officer for decision." 41 U.S.C. § 605(a). Compliance with this provision is a jurisdictional prerequisite to the filing of a complaint in this Court. Braughler Co., Inc. v. United States, 127 F.3d 1476, 1480 (Fed. Cir. 1997); W.M. Schlosser Co., 705 F.2d 1336, 1338-39 (Fed. Cir. 1983). Thus, for the Court to possess jurisdiction pursuant to the CDA, there must be a valid claim presented to the contracting officer for a decision. James M. Ellett Constr. Co. v. United States, 93 F.3d 1537, 1541 (Fed. Cir. 1996).

The Court and its predecessor repeatedly have dismissed claims because a contractor did not present its claim to the contracting officer in accordance with the requirements of the CDA. See, e.g., Reliance Ins. Co. v. United States, 931 F.2d 863, 866 (Fed. Cir. 1991) (no jurisdiction to entertain bad faith claim not presented to the contracting officer); Witherington Constr. Corp.

v. United States, 45 Fed. Cl. 208, 212 (1999) (no jurisdiction to entertain termination claim not made prior to suit); Earth Burners, Inc. v. United States, 43 Fed. Cl. 481, 489 (1999) (no jurisdiction to consider challenge to equitable adjustment award because contractor never submitted a termination settlement proposal); Alaska Pulp Corp. v. United States, 38 Fed. Cl. 141, 145-46 (1997) (dismissing claim seeking determination of rights under a land patent); Orbas & Assoc. v. United States, 34 Fed. Cl. 68, 70-71 (1995) (claim in litigation dismissed because it was different from the claim submitted to contracting officer); SMS Data Prod. Group, Inc. v. United States, 19 Cl. Ct. 612, 616 (1990) (dismissing lost profits claim not presented to the contracting officer).

C. Mr. Hicks Failed To Submit A Valid CDA Claim To The Contracting Officer Before He Filed His Complaint

As discussed above, Mr. Hicks submitted an uncertified tort claim to the contracting officer on or about December 22, 2004. A2. The letter emphasized that it was Mr. Hicks's "formal presentation of his tort claim" and said it was "served upon the [Postal Service] pursuant to the Federal Tort Claims Act and 28 U.S.C. §2675(a)." The letter was not a CDA claim, and by its terms did not seek a final decision from the contracting officer. See Colon v. United States, 35 Fed. Cl. 337, 341 (1996) (to be a CDA claim, a letter "must also communicate a desire for a final decision from the contracting officer").

Mr. Hicks's letter never made a claim for a sum certain, referring only vaguely to "damages" and "losses." A2-3. This failure to state a sum certain rendered it insufficient to qualify as a CDA claim. Contract Cleaning Maint., Inc. v. United States, 811 F.2d 586, 592 (Fed. Cir. 1987) (contractor must make "a clear and unequivocal statement . . . of the . . . amount of the claim").

In comparison, the demand for judgment set forth in Mr. Hicks's complaint seeks damages "in excess of $250,000.00" as well as reinstatement of his contract. Complaint ¶¶ 7-8. Thus, the relief requested in the complaint is not "the same relief as requested from the CO." Manual Brothers, Inc. v. United States, 55 Fed. Cl. 8, 33 (2002).

Because Mr. Hicks's December 22, 2004 letter was not a claim to the contracting officer for a final decision, did not state a sum certain, and did not request the same relief sought in Mr. Hicks's complaint, it was not a valid claim pursuant to 41 U.S.C. § 605(a). See Colon, 35 Fed. Cl. at 341 (an administrative tort claim seeking a sum certain for tort violations, coupled with a letter alleging breach of contract but not stating a sum certain, was insufficient to qualify as a CDA claim).

Finally, Mr. Hicks's letter lacked the certification required by 41 U.S.C. § 605(c)(1). As noted by this Court in Hamza v. United States, 31 Fed. Cl. 315 (1994), "[w]hile the issue of correction of a defective certification under § 605(c)(6) of the CDA is nonjurisdictional, the total lack of any certification, in the first instance, remains a jurisdictional prerequisite." 32 Fed. Cl. at 324; see Scan-Tech Security v. United States, 46 Fed. Cl. 326, 340 (2000) ("the total lack of any certification, in the first instance, remains a jurisdictional prerequisite"); Pevar Co. v. United States, 32 Fed. Cl 822, 825 (1995) ("Absent any certification, this court does not have jurisdiction over plaintiff's claim") (citing Sam Gray Enterprises v. United States, 32 Fed. Cl. 526, 528 (1995)).

Mr. Hicks never submitted to a contracting officer for a final decision any claim setting forth the relief sought in his complaint. As such, this Court lacks jurisdiction to consider his complaint.

## CONCLUSION

For these reasons, defendant respectfully requests that the Court grant defendant's motion to dismiss plaintiff's complaint for lack of jurisdiction.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ MARK A. MELNICK
MARK A. MELNICK
Assistant Director

OF COUNSEL:

GREGORY T. ALLEN
Trial Attorney
Defense Contract
Management Agency

s/ PAUL R. WELLONS
PAUL R. WELLONS
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tel: (202) 616-8253
Fax: (202) 307-0972

May 27, 2005

Attorneys for Defendant

CERTIFICATE OF FILING

I hereby certify that on May 27, 2005, a copy of the foregoing "DEFENDANT'S MOTION TO DISMISS" and "APPENDIX, were filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ PAUL R. WELLONS

Index To Appendix

Page

1. Jan. 14, 2004 List Of Novated Contracts . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

2. Dec. 22, 2004 Letter From J. Thiel to R. Sykes . . . . . . . . . . . . . . . . . . . . . . . . 2

3. Jan. 4, 2005 Letter From W. Hudson To J. Thiel . . . . . . . . . . . . . . . . . . . . . . 4