Index To Appendix

Page

1. Jan. 14, 2004 List Of Novated Contracts . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

2. Dec. 22, 2004 Letter From J. Thiel to R. Sykes . . . . . . . . . . . . . . . . . . . . . . . . 2

3. Jan. 4, 2005 Letter From W. Hudson To J. Thiel . . . . . . . . . . . . . . . . . . . . . . 4

# Contract Route Service Order

1. In Reply Refer To: HQ:TMS:tms

2. Contract Rate: OLD $Various / NEW $No Change

3. Payment Method: PER Annum

4. Contract No.: See Below

5. Begin Contract Term: Various

6. End Contract Term: Various

7. Latest Change Date: Various

8. For Mail Service in or Between: City & State: Various — City & State: Various

9. Name: Midwest Transit, Inc.

10. Address (Street, City, State, Zip+4): PO Box 151, Mt. Carmel, IL 62863-0151

11. This Space for Postal Data Use Only

| Contractor | | | | | | State | | Adjusted Pay This AP | | | | | | | | X78 | 80 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 71 | 72 | 73 | 74 | 75 | 76 | 77 | 78 | x78 | 80 |

COL 80 (8) Change

| 55 | 56 | 57 | 58 | 59 | 60 | 61 | 62 | 71 | 72 | 73 | 74 | 75 | 76 | 77 | 78 | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|

12. The following Order Is Hereby Issued

The Postal Service has approved a novation agreement, effective December 4, 2003, for the below listed contracts from Midwest Transit Inc. to Midwest Transport, Inc., dba Midwest Transport of Illinois, the address is will remain: PO Box 151, Mt. Carmel IL 62863-0151, the new EIN is: 71-0930845.

| Northeast | New York | Eastern | Eastern | [redacted] | Grt Lakes | Southwest | Western |
|---|---|---|---|---|---|---|---|
| 015SE | 08529 | 08013 | 440MR | 465L2 | 62834 | 730CE | 500LO |
| 030LJ | 10112 | 15021 | 440NS | 478AR | 62835 | 740AR | 50318 |
| 030PJ | 10216 | 15030 | 448A8 | 478UO | 628AO | 7401R | 50323 |
| 030VJ | | 15037 | 47611 | 47890 | 62935 | 740JR | 50324 |
| 137CE | Cap Metro | 15116 | 47630 | 48010 | 62936 | 740LR | 663YO |
| 14021 | 207AE | 15117 | 47631 | 530MO | 63290 | 740MS | 680NO |
| 140L5 | 207BE | 151YO | 47634 | 54112 | | 740PR | |
| 14024 | 207CK | 17039 | | 602L9 | | 740RR | Seattle |
| 14041 | 207FE | 171LO | | 60213 | | 740SR | 98011 |
| 14070 | 207HE | 189MR | | 60518 | Southeast | 740TR | 980L3 |
| 14075 | 207JE | 189MS | | 60537 | 32213 | 740WR | 980Y2 |
| 140CE | 207KE | 24011 | | 607L3 | 323DE | | 990L3 |
| 140LO | 207L1 | 270M4 | | 607L6 | 328CE | | |
| 144CJ | 207ME | 28014 | | 607MO | 350DE | | |
| 144EJ | 207QE | 42334 | | | 378CE | | |
| 14737 | 233L4 | 42335 | | | 38125 | | |
| 14813 | | 424AU | | | | | |
| | | 439MR | | | | | |

"THIS IS A TRUE COPY OF THE ORDER BEARING THIS CERTIFICATION."
SIGNED: [signature]
DATE: 1/14/03

[signature]

14. Address of Contracting Officer: USPS National Mail Transportation Purchasing, 475 L'Enfant Plaza SW, Washington, DC 20260-6210

1/24/04 per Laura [illegible]

15. Title of Contracting Officer: Manager, Surface Transportation CMC

16a. Date Ordered: January 14, 2004

b. Order No.: 200-008-04

c. Route Order No.: 0

PS Form 7440, November 1990

202-268-747 Hynde.

OPTIONAL FORM 99 (7-90)

**FAX TRANSMITTAL** # of pages ►

| To: Helen Hynes | From: Mic Mason |
|---|---|
| Dept./Agency | Phone # 630-539-4720 |
| Fax # | Fax # |

NSN 7540-01-317-7368 5099-101 GENERAL SERVICES ADMINISTRATION

0930845

THEIL LAW FIRM

LICENSED IN MISSOURI & ILLINOIS

ONE CITY CENTRE, SUITE 1500
ST. LOUIS, MISSOURI 63101
PHONE 314.446.4278
FAX 314.241.7604

JOHN F. THEIL, ESQ.
johntheil@charter.net

December 22, 2004

**VIA FACSIMILE**
**202-268-4313 AND**
**CERTIFIED MAIL**

RECEIVED DEC 28

Mr. Russell A. Sykes
Manager, Surface Transportation CMC
475 L'Enfant Plaza SW
Washington, DC 20260-6210

In re: **NOTICE OF CLAIM BY HAL D. HICKS**

Dear Mr. Sykes:

I am writing this letter on behalf of Hal D. Hicks. This letter shall serve as Mr. Hicks' formal presentation of his tort claim to the United States Postal Service. This letter is served upon the United States Postal Service pursuant to the Federal Tort Claims Act and 28 U.S.C. §2675(a).

Mr. Hicks hereby asserts his tort claims against the United States Postal Service and its employees and/or agents for the wrongful transfer/novation of Highway Mail Contract 14024 to Midwest Transport, Inc.

Since 1990, when Contract 14024 was initially bid on, Hal D. Hicks, d/b/a Hal D. Hicks Mail Transportation was the supplier and contracting party on said contract.

Mr. Hicks has always claimed his interest as a contractor and/or supplier on Highway Mail Contract 14024. There was not a judicial determination that Contract 14024 was Midwest Transit, Inc.'s contract. Therefore, it was improper for the United States Postal Service to transfer and/or novate Contract 14024 to Midwest Transport, Inc. In sum, Mr. Hicks did not approve a transfer or novation of contract 14024.

Mr. Hicks is claiming damages for the above-mentioned torts to include but not limited to lost revenues and/or profits from Highway Mail Contract 14024 from April 18, 2003 forward. April 18, 2003 constitutes the backdated sale date of Midwest Transit, Inc.'s working assets to Midwest Transport, Inc., which amended sale agreement was not approved by the court.

Mr. Hicks' damages also include all other losses incurred by him as a result of the wrongful transfer and/or novation of Highway Mail Contract 14024 to Midwest Transport, Inc. by the United States Postal Service. Again, this letter is sent pursuant to the Federal Tort Claims Act and 28 U.S.C. §2674(a).

If you have any questions or concerns regarding this correspondence, do not hesitate to contact me at your convenience.

Very truly yours,

John F. Theil

JFT/js
cc: Hal D. Hicks

LAW DEPARTMENT
NATIONAL TORT CENTER

UNITED STATES
POSTAL SERVICE

January 4, 2005

John Theil
Theil Law Firm
One City Centre, Suite 1500
St. Louis, MO 63101

Re: Your Client: Hal D. Hicks

Dear Mr. Theil:

We are in receipt of your correspondence to Mr. Russell A. Sykes, Manager, Surface Transportation CMC regarding Hal D. Hicks. Please note that your letter of December 22, 2004, does not constitute a valid claim under the Federal Tort Claims Act; therefore, it cannot be considered by this office.

If it is your intent to present an administrative tort claim with the United States Postal Service under the provisions of the Federal Tort Claims Act, the claim must conform in all respects with Title 28, United States Code, §1346, 2671-2680 and Title 28, Code of Federal Regulations, Part 14. Accordingly, each claim should state, with specificity, sufficient facts to allow the government to investigate its liability, and a "sum certain" amount for injuries or losses alleged to have occurred by reason of the incident. Please note that "sum certain" is the term used to identify the amount of damages the claimant seeks to resolve the dispute. Further, it should be accompanied by supportive documentation, and exhibit an original ink signature. Typically, a Standard Form 95, Claim for Damage, Injury or Death, is used to convey this information. However, other written notification accompanied by a specific claim for money damages may be submitted in lieu of the Standard Form 95. A blank Standard Form 95 is enclosed for your review and convenience.

Should the claimant wish to file a valid claim with the United States Postal Service, the claim should be presented to Ronnie King, Tort Claim Coordinator, United States Postal Service, at the United States Postal Service, 1720 Market St., Room 3015, St. Louis, MO 63155-9331.

Please note that an administrative claim must be presented in writing to the appropriate federal agency and received by the agency within two years from the time such claim accrues. Please see 28 U.S.C. §2401(b). Until a valid claim is received, the statute of limitations, as noted above, continues to run.

Having provided you this information, let me advise you that it is the position of the Postal Service that the information provided in your December 22, 2004 letter

P. O. BOX 66640
ST. LOUIS, MO 63166-6640
TEL: 314/872-5120
FAX: 314/872-5193

indicates that Mr. Hick's claim must be processed under the provisions of the Contract Disputes Act (CDA), and that he must proceed in front of the Postal Service Board of Contract Appeals, rather than pursuant to the Federal Tort Claims Act. I would recommend to you that Mr. Hicks pursue the remedies available to him under the CDA rather than futilely wasting his time pursuing a FTCA matter.

Sincerely,

Wendy Wiedemann Hudson

Wendy Wiedemann Hudson
Attorney-National Tort Center
314/872-5128

Enclosure

cc: Ronnie King – Tort Claim Coordinator (w/o encl)